UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL MARIO MILLER,
        Petitioner,

v.                                                     Case No. 12-C-0945

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,
        Respondent.

## ORDER

The respondent has filed a motion to dismiss Michael Mario Miller's petition for a writ of habeas corpus on the ground that Miller's petition contains both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982). Miller's petition contains three claims—two claims alleging ineffective assistance of counsel (claims one and two), and one claim alleging that the trial court violated Miller's right to due process by communicating with the jury ex parte during their deliberations (claim three). The respondent concedes that Miller's ineffective-assistance claims have been exhausted (though he reserves the right to argue that one of those two claims has been procedurally defaulted). However, he contends, and Miller concedes, that Miller never raised his due-process claim in any state court.

In response to the respondent's motion, Miller filed a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). However, in that motion, Miller does not indicate that he intends to raise his due-process claim in the state courts. Instead, he asks that I strike that claim from his petition. See Mot. for Stay & Abeyance at 3. Miller also asks that I strike claim two of his petition, but then he goes on to ask that he be

permitted to add a claim to his petition that, as far as I can tell, is no different from claim two. Miller attaches to his motion a post-conviction motion filed in state court pursuant to Wis. Stat. § 974.06. The post-conviction motion, which appears to have been denied and is presently on appeal, does not say anything about Miller's due-process claim.

It appears from his motion for stay and abeyance that Miller wishes to delete his unexhausted due-process claim from his petition. Because respondent concedes that Miller's remaining two claims have been exhausted, there is no need for stay and abeyance in this case. Accordingly, Miller's motion for stay and abeyance will be denied, and respondent's motion to dismiss the petition for failure to exhaust claim three will be denied. However, claim three will be stricken from the petition.

I will also address Miller's motion for appointment of counsel. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

In his motion to appoint counsel, petitioner does not demonstrate that he has made a reasonable attempt to obtain counsel on his own. In any event, it appears that, given the difficulty of this case, Miller is competent to litigate it himself. Therefore, his motion for appointment of counsel will be denied.

**THEREFORE, IT IS ORDERED** that Miller's motion for stay and abeyance is **DENIED**.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss the petition is **DENIED**. However, pursuant to Miller's request, claim three of the petition is **STRICKEN**.

**IT IS FURTHER ORDERED** that Miller's motion for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FINALLY, IT IS ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge