# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL MARIO MILLER,**
        Petitioner,

v.                                          Case No. 12-C-0945

**WILLIAM POLLARD, Warden,**
**Waupun Correctional Institution,**
        Respondent.

## ORDER

On November 19, 2012, in response to respondent's motion to dismiss the petition on the ground that it contained both exhausted and unexhausted claims, petitioner filed a motion for stay and abeyance pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). On January 18, 2013, I issued an order denying that motion on the ground that there was no need for stay-and-abeyance because petitioner agreed to abandon the unexhausted claim and the respondent conceded that the petitioner had exhausted his two remaining claims. However, petitioner has asked me to reconsider this decision. He states that at the time he filed his stay-and-abeyance motion, he was unable to utilize the assistance of an inmate that had been helping him prepare his filings in this case and therefore was unable to adequately explain his need for stay and abeyance.

In his motion for reconsideration, petitioner makes clear that he has two claims pending in state court that have not been fully exhausted, and that those claims are different than the two claims he has included in his petition. Thus, although his petition currently contains only exhausted claims, he wishes to finish exhausting the two additional claims in state court and then add them to the petition. However, should I enter a decision

on the merits of the current petition before petitioner exhausts his two additional claims, petitioner would likely be barred from obtaining federal review of those claims under the principles relating to second or successive habeas petitions. See 28 U.S.C. § 2244(b). Moreover, if I dismiss the current petition without prejudice, there is a danger that when petitioner attempts to file a new petition after exhausting his additional claims in state court, his original claims will be barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). For this reason, petitioner prefers the stay-and-abeyance procedure, which would avoid any problems with either the second-or-successive doctrine or the statute of limitations.

The respondent has not indicated that he opposes the petitioner's renewed request for stay and abeyance. Given this, and given that it appears that petitioner has good reasons for requesting stay and abeyance, his motion for reconsideration will be granted.

Accordingly, **IT IS ORDERED** that petitioner's motion for reconsideration is **GRANTED**. This case shall be stayed until the proceedings in state court relating to petitioner's two additional claims have concluded.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2013.

                                                    s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge